# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JONATHAN WALKER,**

    **Plaintiff,**

**v.**

CASE NO.:

**BADA BING WATER SPORTS, LLC, DOUGLAS BYRD, an individual, and SUSAN SHETTLER, an individual,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JONATHAN WALKER, by and through undersigned counsel, brings this action against Defendants, BADA BING WATER SPORTS, LLC, DOUGLAS BYRD in his individual capacity, and SUSAN SHETTLER in her individual capacity, and in support states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida, and worked for Defendants at their St. Petersburg, Florida location.

5. Defendant BADA BING WATER SPORTS, LLC is a Florida limited liability company

6. Defendants DOUGLAS BYRD AND SUSAN SHETTLER are the owners and operators of Defendant BADA BING WATER SPORTS, LLC.

7. Defendants operate a water sports company in St. Petersburg, Pinellas County, Florida.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendants were an "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendants continue to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

18. Defendants DOUGLAS BYRD and SUSAN SHETTLER are the owners of BADA BING WATER SPORTS, LLC.

19. 16. As part of their duties, Defendants DOUGLAS BYRD AND SUSAN SHETTLER supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendants DOUGLAS BYRD AND SUSAN SHETTLER also controlled the payroll practices of BADA BING WATER SPORTS, LLC.

20. Through the exercise of dominion and control over all employee related matters at BADA BING WATER SPORTS, LLC, in their individual capacity DOUGLAS BYRD AND SUSAN SHETTLER were also "employers" within the meaning of the FLSA.

21. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## **FACTS**

22. Plaintiff began working for Defendants as a dock hand in June 2020, and he worked in this capacity until June 2022.

23. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

24. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

25. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA.

## **COUNT I – FLSA OVERTIME VIOLATION**

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 21st day of November, 2022.

                                    Respectfully submitted,

                                    _____
                                    **LUIS A. CABASSA**
                                    Florida Bar Number: 0053643
                                    **WENZEL FENTON CABASSA, P.A.**
                                    1110 N. Florida Avenue, Suite 300
                                    Tampa, Florida 33602
                                    Main Number: 813-224-0431
                                    Direct Dial: (813) 379-2565
                                    Facsimile: 813-229-8712
                                    Email: lcabassa@wfclaw.com
                                    Email: gnichols@wfclaw.com
                                    **Attorneys for Plaintiff**